IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK H. JOHNSON (A-72077), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14 C 6508 |
| v. ) | |
| ) | Judge Gary Feinerman |
| NATHAN PRICE and DEREK VICICH, ) | |
| ) | |
| Defendants. ) | |

**M**EMORANDUM **O**PINION AND **O**RDER

Mark H. Johnson brought this *pro se* suit under 42 U.S.C. § 1983 against correctional officers Nathan Price and Derek Vicich, claiming excessive force. Doc. 49. (Claims against several other defendants have been dismissed. Docs. 18, 108.) Price and Vicich have moved for summary judgment on exhaustion grounds. Doc. 90. The motion is granted.

**Background**

Consistent with the local rules, Defendants filed a Local Rule 56.1(a)(3) statement of undisputed facts along with their summary judgment motion. Doc. 92. The relevant factual assertions in the Local Rule 56.1(a)(3) statement cite evidentiary material in the record and are supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."). Also consistent with the local rules, Defendants filed and served on Johnson a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1. Doc. 94. Johnson filed a response brief, Doc. 99, but not a Local Rule 56.1(b)(3)(B) response to the Local Rule 56.1(a)(3) statement or a Local Rule 56.1(b)(3)(C) statement of additional facts.

A district court "is entitled to decide [a summary judgment] motion based on the factual record outlined in the Local Rule 56.1 statements." *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (internal quotation marks and brackets omitted); *see also Olivet Baptist Church v. Church Mut. Ins. Co.*, __ F. App'x __, 2017 WL 129943 (7th Cir. Jan. 13, 2017) ("The district court treated most of the [defendant's] factual submissions as unopposed, because the [plaintiff] failed to contest them in the form required by Local Rule 56.1(b). We have held that the district court is entitled to enforce that rule in precisely the way it enforced the rule in this litigation."); *Stevo v. Frasor,* 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("We have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions."); *Cichon v. Exelon Generation Co.,* 401 F.3d 803, 809 (7th Cir. 2005) ("We have … repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1.") (internal quotation marks and alteration omitted). Johnson's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Coleman v. Goodwill Indus. of Se. Wis., Inc.,* 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.,* 371 F. App'x 663, 664 (7th Cir. 2010)

("[S]trictly enforcing Local Rule 56.1 was well within the district court's discretion, even though Wilson is a pro se litigant.") (internal citation omitted); *Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006) ("[E]ven *pro se* litigants must follow rules of civil procedure.").

Accordingly, the court will accept as true the facts set forth in Defendants' Local Rule 56.1(a)(3) statement, viewing those facts and the inferences therefrom in the light most favorable to Johnson. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Parra v. Neal,* 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.,* 589 F.3d 389, 393 (7th Cir. 2009) ("In accordance with a local rule, the district court justifiably deemed the factual assertions in BP's Rule 56.1(a) Statement in support of its motion for summary judgment admitted because Rao did not respond to the statement."); *Cady,* 467 F.3d at 1061; *Raymond v. Ameritech Corp.,* 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.,* 403 F.3d 940, 943 (7th Cir. 2005); *Koszola,* 385 F.3d at 1108-09; *Smith v. Lamz,* 321 F.3d 680, 682-83 (7th Cir. 2003). That said, the court is mindful that "a nonmovant's failure to … comply with Local Rule 56.1 … does not … automatically result in judgment for the movant. The ultimate burden of persuasion remains with [the movant] to show that [the movant] is entitled to judgment as a matter of law." *Raymond,* 442 F.3d at 608 (internal citations omitted). The court therefore will recite the facts in Defendants' Local Rule 56.1(a)(3) statement and then determine whether, on those facts, they are entitled to summary judgment.

The two remaining defendants, Price and Vicich, are deputies with the LaSalle County Sheriff's Department. On October 26, 2013, Johnson was booked into the LaSalle County Jail. *Id.* at ¶ 6. During the booking process, he became ill due to withdrawal from heroin and cocaine.

*Ibid*. On October 27, 2013, he signed a refusal for further medication and treatment for his withdrawal symptoms. *Id*. at ¶ 7. The following day, October 28, 2013, he was housed in the B Wing. *Id*. at ¶ 8.

The next morning, on October 29, 2013, Johnson complained to Vicich of being sick and asked him for medical attention. *Ibid*. Also that morning, Johnson spoke with Price, who said that a nurse was coming to see him. *Id*. at ¶ 9. Price then buzzed the door to the B Wing, unlocking it, and Johnson, without any instruction to do so, moved his property box out the door. *Id*. at ¶ 10. According to Johnson, Price then grabbed him, placing one of his arms at a ninety degree angle with his elbow bent and behind his back. *Id*. at ¶ 11. Johnson further testified that Price pulled the back of his shirt collar, cutting off his circulation and breathing. *Ibid*.

Johnson was taken to C Wing, which is disciplinary segregation, where he stayed for three days. *Id*. at ¶¶ 11, 18. While in segregation, Johnson was given a piece of paper and a pencil, "wrote something on the paper," and "stuck it in the door." *Id*. at ¶ 14. Johnson did not tell anyone at the Jail that he had written this note, and he did not hand it to anyone. *Ibid.* Johnson explained at his deposition that the "something" he wrote on the paper was that "they took his mattress, won't let him have a shower, and that he was sick," and that the paper complained of nothing else and listed no names. *Id*. at ¶ 15.

Johnson testified that he was familiar with how to file a grievance. *Id*. at ¶ 13. He testified that he had received a copy of the inmate handbook during his booking. *Ibid*. In addition, a document entitled "Policy and Procedure Number 119: Inmate Grievances" specifies the procedural requirements detainees are to follow when submitting a grievance and is consistent with the information provided for in the Inmate Handbook. *Id*. at ¶ 20. A grievance

4

must be given to a Pod Officer. *Id*. at ¶ 21. Leaving a grievance on the floor of a cell or sticking a grievance in a door jam is not acceptable and would not be considered a *bona fide* grievance. *Ibid*.

Other than the paper he left in the door while in disciplinary segregation, Johnson submitted no grievance regarding anything that happened on or around October 29, 2013. *Id*. at ¶ 18. Johnson's inmate file contained two grievances that he submitted during his stay at the Jail, both about unrelated matters: one on January 27, 2014, regarding the removal of property by another police agency, and a second on April 12, 2014, regarding a request for medication. *Id*. at ¶¶ 16, 25. Johnson also wrote directly to the State of Illinois in Springfield complaining of Price's alleged conduct. *Id*. at ¶ 17.

## Discussion

Defendants seek summary judgment on the ground that Johnson failed to exhaust his administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e *et seq.*, requires an inmate to properly exhaust available administrative remedies by following to completion the procedural rules for grievances within a penal institution. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 83 (2006); *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the prison grievance system requires a prisoner to "file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025;

*see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Because "the primary purpose of a grievance is to alert prison officials to a problem," *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011), the prisoner's grievance must include enough information to alert the prison officials of the wrong for which the prisoner seeks redress. *See Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). The burden of proof is on the defendant to demonstrate that the prisoner failed to exhaust his administrative remedies. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

The record indisputably establishes that Johnson did not exhaust his administrative remedies as to his excessive force claim against Vicich and Price. The record shows that the LaSalle County Jail had an established grievance system, with the procedures set out in the Inmate Handbook. According to Johnson's own testimony and his inmate file, he filed no grievances about Vicich and Price using force against him in October 2013. The only two grievances in his file are both dated several months after the incident and are unrelated. Because Johnson failed to file a grievance complaining of excessive force against him by Defendants, he failed to exhaust his administrative remedies as to his excessive force claim.

In his brief, Johnson refers to the piece of paper he stuck in his segregation cell door and the complaint that he sent directly to State of Illinois in Springfield as "grievances." But Johnson does not offer any arguments that either submission satisfied the PLRA's exhaustion requirement. In fact, neither submission does, as neither comported with LaSalle County Jail's procedural requirement that grievances must be submitted to a Pod Officer. "[P]risoners are [not] permitted to pick and choose how to present their concerns to prison officials." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011).

More fundamentally, the two submissions hardly provided the Jail with a "fair opportunity to consider" Johnson's complaint of excessive force against Vicich and Price. *Id*. at 905-06. To begin with, Johnson told no one at the Jail about the piece of paper, and the complaint that Johnson sent directly to Springfield bypassed the Jail altogether. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Ibid*. Even if the submissions satisfied the procedural requirements for a grievance, they would not satisfy the exhaustion requirement as applied to this case, because by Johnson's own testimony, the submissions concerned not excessive force—his claim in this suit—but rather only Jail conditions and medical care. *See Stites v. Mahoney*, 594 F. App'x 303, 305 (7th Cir. 2015) (dismissing a claim for failure to exhaust where the one grievance that that plaintiff properly exhausted did not raise issues related to his claims in the federal suit).

The summary judgment record thus demonstrates that Johnson submitted no grievances to Jail officials about his claim of excessive force by Defendants. Defendants therefore are entitled to summary judgment. Because the judgment rests on exhaustion grounds, the dismissal is without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice."); *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust.").

## Conclusion

Defendants' summary judgment motion is granted, and Johnson's excessive force claim against Price and Vicich is dismissed without prejudice. Final judgment will be entered. If Johnson wishes to appeal, he must file a notice of appeal with this court within thirty days of the

entry of judgment and pay the $505.00 filing fee. *See* Fed. R. App. P. 4(a)(1); Court of Appeals Miscellaneous Fee Schedule, http://www.uscourts.gov/services-forms/fees/court-appeals-miscellaneous-fee-schedule (last viewed Jan. 26, 2017). Under Fed. R. App. P. 24(a)(1) and 28 U.S.C. § 1915, Johnson may move this court to allow him to proceed *in forma pauperis* on appeal, which will allow him to pay this fee in installments. The fee must be paid regardless of the appeal's outcome; however, if Johnson is successful, he may be able to shift the cost to Defendants. *See* Fed. R. App. P. 39(a)(3); *Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013) ("A litigant who proceeds *in forma pauperis* still owes the fees. If he wins, the fees are shifted to the adversary as part of the costs; if he loses, the fees are payable like any other debt."). In addition, if the appeal is found to be non-meritorious, Johnson could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit or appeal a judgment in federal court without prepaying the filing fee, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Johnson need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if Johnson wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a Rule 59(e) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of

the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

January 30, 2017                                        _____
                                                                  United States District Judge